(35 Misc. Rep. 294.)

### CENTER v. RUSH.

(Supreme Court, Appellate Term. June, 1901.)

LIABILITY OF PRINCIPAL—CONTRACT OF AGENT.

Where a son is allowed by his father to contract for a year's schooling, and leaves school at his own motion before the end of the year, the father is liable for tuition for the entire year.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by David Allen Center against Myron C. Rush. Judgment for defendant. Plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

B. W. B. Brown, for appellant.

James W. Ridgway, for respondent.

PER CURIAM. The plaintiff is the proprietor of a boy's school in the city of New York, in which the defendant's son entered as a pupil at the opening of the school year in the autumn of 1900. The son remained in the school only until some time in January, when he left of his own accord. The defendant paid half the annual tuition fee, but refused to pay the balance for which this action is brought. The negotiations looking to the son's entrance into the school were conducted by the son himself. The defendant testified that he permitted his son to enter the school. The contract was therefore made with his knowledge and assent. He took no pains to inform himself as to the terms of tuition, but apparently left the whole matter to his son's management. He thus made his son his agent to contract with the plaintiff, and is bound by whatever contract was made in pursuance of this agency. The first letter written by the son, in opening negotiations for entering the school, acknowledges the receipt of a catalogue, and discusses some of its features. A copy of the catalogue shows that it contains the following statement relative to tuition fees: "No reduction is made for students who leave before the end of the school year." This is appended to a clause headed, "Tuition Fees (Per Year)," and that it must have fallen under the eye of the defendant's son is shown by the fact that in one of his letters he discusses the amount of fees charged. The agreement thus was an entire one for a school year, and since the lad withdrew of his own volition, without any act on the part of the plaintiff, the latter was entitled to the fees for the whole year. The second cause of action, which was for books furnished, was not disputed, and justice must have granted judgment absolute for the defendant by inadvertence.

Judgment reversed, and new trial granted, with costs to abide the event.